IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES M. BROADHEAD, #224802,     :

    Plaintiff,                :

vs.                              :     CIVIL ACTION 09-0384-CB-N

OFFICER McCONUCO, et al.,        :

    Defendants.              :


REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(I).

I.   Nature of Proceedings.

   A.  Complaint. (Doc.1 ).

Using the Court's § 1983 complaint form, plaintiff completed the spaces for identifying his claims with the following: "[W]riting to request the out come [] the incident where I was assaulted by inmates [unreadable] I am trying to find out what stage the pro[ceeding] in and also to as[k] that any and all information [] the case befor[e] [unreadable] to me." (Doc. 1 at 5). The complaint provided no further information regarding his claims. Plaintiff identified with his claims three defendants, McConuco,

Turner, and D. Rogers, who are correctional officers at the Mobile County Metro Jail.[1] Another individual is named as a defendant in the style of the action-- Officer Moore.

In plaintiff's second motion to proceed without prepayment of fees, plaintiff identifies in the style of the case a different person as a defendant, Captain Lucille Thornton. (Doc. 4 at 1). On this page he lists two civil action numbers, the present action's number and CA 02-0085. (Regarding the second number, the Court concludes that plaintiff is referring to his prior action, Broadhead v. Tillman, et al., CA 02-0851-WS-L (S.D. Ala. Apr. 19, 2005), see infra.) Near the end of the motion in a statement, plaintiff describes an assault by officers. He alleges that the four defendants used excessive force against him when they beat him with security sticks. (Id. at 3). As a consequence, plaintiff was taken to two "free-world" hospitals for medical treatment for his arm which had three fractures, for the loss of several teeth, for fractures to his feet and ankles, and for cuts to his head, and afterwards he was transferred for his safety from Mobile. (Id. at 3-4). Plaintiff requests damages, and mentions Cooper Green Hospital without showing its relevance to his allegations. (Id.. at 4).

In his third motion to proceed without prepayment of fees, plaintiff also makes a statement which is similar to the statement in his second motion to proceed without prepayment of fees. (Doc. 6 at 3). Plaintiff refers to the four defendants and names three, McConuco, Everette, and T. Turner from the Mobile County Metro Jail, and then

---

[1] These defendants are identified in section III. The complaint form states:"The persons who are listed in Section III of the complaint are deemed by the Court to be the only defendants to this action." (Doc.1 at 1).

later refers to Officer King. (Id.). His injuries are described to be the same as those previously identified. (Id.).

B. Plaintiff's Prior Actions.

The tenor of these allegations caused the Court to examine the dockets for the federal district courts in Alabama. The action that plaintiff appears to be interested in is Broadhead v. Tillman,et al.,CA 02-0851-WS-L (S.D. Ala. Apr. 19, 2005). The defendants in this prior action were Jack Tillman, Officer James, and Corporal Jones. The Report and Recommendation described Broadhead's claims as being based on an incident that occurred on September 7, 2002, when Officer Demarieo James assaulted Broadhead in his cell. (Doc. 40 at 2). Whereas, defendants' special report indicated that Broadhead "struck defendant Officer James in the head with a sock that had been filled with either batteries and/or some other hard object." (Id. at 3). Summary judgment was granted for defendants except for the individual capacity claim against defendant James. (Id. at 14). An evidentiary hearing was scheduled on this claim commencing on April 6, 2005, and plaintiff was ordered to file a witness list no later than February 25, 2005. (Doc. 42). When no witness list was filed, the Court entered an order for plaintiff to advise the Court by March 14, 2005 as to whether he was interested in pursuing his litigation and to show cause why he did not comply with the Court's order. (Doc. 43). There was no response from plaintiff, and the Court's order, as well as a subsequent order, report and recommendation, order adopting the report and recommendation, and judgment, were sent to plaintiff and were not returned to the Court by the postal

authorities. (Docs. 43-47).

After the action was closed, on April 19, 2005, plaintiff filed a motion for transcripts on August 8, 2005, which was denied. (Docs. 48, 49). From that point until October 11, 2006, the docket reflects that there was activity on plaintiff's behalf. (Docs. 50-58). Then, activity ceased until February 25, 2009 when plaintiff filed a motion to proceed without prepayment of fees. (Doc. 59). Plaintiff subsequently filed another motion to proceed without prepayment of fees. (Doc. 61). These motions were denied. (Docs. 60, 62). Then on June 29, 2009, plaintiff filed the present action.

II.     Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing the complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

In addition, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d

---

[2]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

4

1483, 1490 (11th Cir. 1997). In order to state a claim upon which relief can be granted, there must be "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "[W]hen the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" a claim is facially plausible. Id. Plausibility requires more than the possibility that the defendant engaged in unlawful conduct. Id. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007); cf. Clark v.Georgia Pardons and Parole Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) (the expiration of the statute of limitations serves a basis for the action's dismissal as frivolous).

    A pro se litigant's allegations are given a liberal construction by the Court. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972) (holding that a pro se litigant's allegations are held to a more lenient standard than the those of an attorney). Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837

(11th Cir.), cert. denied, 493 U.S. 863 (1989).

III. Analysis.

The Court is not certain what plaintiff wants to accomplish by filing the present action. The best that the Court can discern is that plaintiff wants to know the status of his prior action, Broadhead v. Tillman, et al.,CA 02-0851-WS-L (S.D. Ala. Apr. 19, 2005), and possibly to re-open it although he asks for no relief in the complaint. (It is only in his motions to proceed without prepayment of fees that plaintiff requests damages.) The Court deduces that plaintiff is interested in this prior case because of the spate of activity in his prior case just before he filed the present action; the similarity between of the civil action numbers, that is, he refers to CA 02-0085in the present complaint and his prior action's civil action number is CA 02-0851; and an assault occurred in both actions..[3]

---

[3]To reach its conclusion the Court examined plaintiff's other actions and eliminated them from consideration. In Broadhead v. Macrory, et al., CA 06-0318-BH-C (S.D. Ala. Oct. 3, 2006), plaintiff filed an action against correctional officials for assaulting him and used the number for Broadhead v. Tillman, et al.,CA 02-0851-WS-L in his filings, see Doc. 4. This action was dismissed because plaintiff failed to pay the partial filing fee. In Broadhead v. Everett, et al., CA 07-0398-CB-C (S.D. Ala. Nov. 13, 2007), plaintiff complained of being assaulted by an officer with two locks and two bars of soap in a pair of socks. Plaintiff's action was dismissed for failure to prosecute and to comply with the Court's order. In Broadhead v. Michael, et al., CA 09-02473-VEH-RRA (N.D. Ala. Jan. 21, 2010), plaintiff sued correctional officials for an assault described with allegations that almost mirror the assault described in Broadhead v. Tillman, et al., CA 02-0851-WS-L (S.D. Ala. Apr. 19, 2005), except that plaintiff changed the date of the assault to October 27, 2009. The action was dismissed for failure to comply with the Court's order.

The foregoing actions are plaintiff's actions that have been dismissed. However, he has another seven actions pending in the Northern District of Alabama. In each of these pending actions he is complaining about an assault with injuries, all of which, for the most part, mirror his allegations in this action, but the date for each assault is different. See Broadhead v. Northcutt et al., CA 09-02512-SLB-RRA (assault date November 10, 2009); Broadhead v. Swain, et al., CA 09-02606-SLB-RRA (assault date is December 16, 2009); Broadhead v. Kirrie, et al., CA 10-00053-VEH-RRA (assault date November 20, 2009); Broadhead v. Swain, et al.,

6

In a § 1983 action, a plaintiff must allege a violation of a federal right, which is usually a constitutional right, in order to state a claim upon which relief can be granted. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). After researching case law, the Court is not able to find where an inquiry into the status of a prior action states a violation of a federal right. If plaintiff wanted to know the status of his prior action, he should inquire in that prior action or contact the Clerk of Court about the status. Filing another action to learn this information is inappropriate.

Furthermore, if plaintiff is seeking to sue other persons who were not named as defendants in CA 02-0851-WS-L, any claim against them is frivolous because the statute of limitations has expired. The statute of limitations for a § 1983 action in Alabama is two years from accrual of the cause of action. Lufkin v. McCallum, 956 F.2d 1104, 1105 & n.2 (11th Cir.) (applying Alabama's two year statute of limitations to a § 1983 action), cert. denied, 506 U.S. 917 (1992). "'[A]ccrual occurs when the plaintiff has 'a complete and present cause of action'' . . . that is, 'when plaintiff can file suit and obtain relief.'" Wallace v. Kato, 549 U.S. 384, 388, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007). (internal citations and brackets omitted). Plaintiff's claims in CA 02-0351-WS-L were

---

CA 10-00113-AKK-RRA (assault date September 17, 2009); Broadhead v. Thomas, et al., CA 10-00262-VEH-RRA (assault date December 4, 2009); Broadhead v. Brown, et al., CA 10-00350-VEH-RRA (assault date October 28, 2009); and Broadhead v. Wise, et al., CA 10-00388-IPJ-RRA. (assault date November 6, 2009).

based on the September 7, 2002 incident. Plaintiff could have sued these other defendants at the time CA 02-0851-WS-L was filed, or thereabouts. The filing of this action on June 29, 2009 was well beyond the two-year period of time since his claims arose on September 7, 2002. Thus, plaintiff's claims based on the 2002 assault against new defendants are barred by the two-year statute of limitations and are subject to dismissal as frivolous.

Plaintiff had an opportunity to proceed in Broadhead v. Tillman, et al.,CA 02-0851-WS-L (S.D. Ala. Apr. 19, 2005) but, for whatever reason, did not litigate his action to a conclusion. Thus, his action was dismissed, thereby preventing plaintiff from bringing an action again on that incident against those defendants. See Harmon v. Webster, 263 Fed. Appx. 844, at **1 (11th Cir. Feb. 1, 2008) (unpublished) (the elements for application of res judicata),[4] cert. denied, 129 S.Ct. 1336 (2009).

IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(I).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

---

[4]"Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

DONE this 20th day of April, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:
2.
> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).